Andrew L. Jones, Esq.  Texas Bar No: 24012919
Law Office of Andrew L. Jones, P.C.
3405 Milton Avenue, Suite 209
Dallas, Texas 75205
Tel: (214) 883-6024
Email: ajones@andrewjoneslaw.com

Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GENEFIC RX DX a<br>Wyoming corporation, wholly owned<br>Subsidiary of DALRADA TECHNOLOGY<br>GROUP, INC., a Wyoming corporation<br>[Real Party in Interest], | Case No.: |
| | COMPLAINT |
| Plaintiffs, | 1. FRAUD-INTENTIONAL MIS-<br>REPRESENTATION |
| vs. | 2. FRAUD-CONCEALMENT<br>3. FRAUD-INDUCEMENT<br>4. BREACH OF CONTRACT |
| ADMINISTEP, LLC d/b/a MDiQ,<br>a Texas limited liability company, | 5. UNJUST ENRICHMENT<br>6. INJUNCTIVE RELIEF |
| Defendant. | |

COMES NOW, Plaintiffs, GENEFIC RX DX and DALRADA TECHNOLOGY GROUP,

INC., by their attorney of record, Andrew L. Jones, Esq. for their Complaint against Defendant,

ADMINISTEP, LLC d/b/a MDiQ, and allege as follows:

### NATURE OF THE CASE

This action arises from the fraudulent acts and misrepresentations perpetrated by Defendant

ADMINISTEP, LLC d/b/a MDiQ, thereby inducing Plaintiffs, GENEFIC RX DX, and

DALRADA TECHNOLOGY GROUP, INC., its parent company, into entering into a Laboratory

Billing Agreement in an unsuccessful effort to recover over a million dollars in billing.

COMPLAINT FOR DAMAGES - 1

**JURISDICTION AND VENUE**

1.      The source of subject matter jurisdiction in this Court:

        a.      The parties' citizenship is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

2.      There are two sources of venue in this Court:

        a.      A substantial part of the events, acts or omissions giving rise to this action occurred in this district.  28 U.S.C. §1391 (a)(2).

        b.      The Governing Law and Venue provisions of the Laboratory Billing Agreement.

**THE PARTIES**

3      Plaintiff GENEFIC RX DX is a corporation under the laws of the United States, State of Wyoming, with its principal place of business at 600 La Terraza Blvd., Escondido, California 92025.  Plaintiff GENEFIC RX DX is a wholly owned subsidiary of Plaintiff DALRADA TECHNOLOGY GROUP, INC.

4.      Plaintiff DALRADA TECHNOLOGY GROUP, INC. is a corporation organized under the laws of the United States, State of Wyoming with its principal place of business at 600 La Terraza Blvd., Escondido, California 92025.

5.      Defendant ADMINISTEP, LLC d/b/a MDiQ (hereinafter "Defendant" or "MDiQ") is a Texas limited liability company.

**FACTUAL ALLEGATIONS**

6.      The Laboratory Billing Agreement required Plaintiffs to pay a one-time $15,000 Implementation fee to Defendant, who in turn agreed to provide Plaintiffs with "RCM" service, an abbreviation for Revenue Cycle Management, whereby Defendant would collect Plaintiffs' invoices for Covid testing from the government and insurance companies using Defendant's

COMPLAINT FOR DAMAGES - 2

supposedly proprietary software that would complete fields of information lacking from Plaintiffs' patient billing information.

7.      Plaintiffs paid the $15,000 implementation fee and Defendant did not collect Plaintiffs' invoices, costing Plaintiffs over a million dollars in lost billing that became unrecoverable due to the passage of time without Defendant providing the agreed upon Revenue Cycle Management service.

8.      Defendant sued Plaintiffs in the Collin County District Court for $51,033.57, the case was settled at mediation for $25,000, and then Defendant MDiQ obtained a $64,511.65 Final Judgment by way of a no-answer default judgment without notifying the Collin County District Court about the mediated settlement agreement or that Plaintiff corporations are represented by two attorneys, Fletcher Robbe, Esq., California counsel, and Andrew L. Jones, Esq., Texas counsel.

## FIRST CAUSE OF ACTION

### Fraud-Intentional Misrepresentation

9.      Plaintiffs incorporate by reference all of the proceeding paragraphs of this Complaint as though fully set forth herein.

10.     Plaintiffs and Defendant MDiQ were parties to the subject Agreement.

11.     At the time the Agreement was entered into, Defendant intentionally misrepresented its Revenue Cycle Management capabilities with the purpose of inducing Plaintiffs to enter into the Agreement and pay the $15,000 Implementation Fee.

12.     At the time the misrepresentations were made by Defendant, MDiQ knew them to be false since Defendant was well aware that MDiQ was unable to perform its Revenue Cycle Management obligations under the Agreement.

COMPLAINT FOR DAMAGES - 3

13.    Defendant, by its counsel and principals' actions, intended to deceive Plaintiffs by misstating MDiQ's ability to successfully bill and recover over a million dollars owed to Plaintiffs.

14.    Plaintiffs, acting in good faith, reasonably relied upon the misrepresentations of Defendant when they entered into the Laboratory Billing Agreement.

15.    The fraudulent acts of Defendant have resulted in damages to Plaintiffs in an amount to be determined at trial.

16.    The fraudulent acts of Defendant are the legal and proximate cause of damages to Plaintiffs.

### SECOND CAUSE OF ACTION

#### Fraud-Concealment

17.    Plaintiffs incorporate by reference all of the proceeding paragraphs of this Complaint as though fully set forth herein.

18.    Defendant intentionally concealed facts from Plaintiffs that, had they been aware of at the time of entering the Laboratory Billing Agreement, would have caused Plaintiffs to not enter into the Agreement, namely MDiQ's inability to perform the Revenue Cycle Management function that MDiQ agreed to perform.

19.    Knowing that the facts, if revealed, would have caused Plaintiffs to not enter into the Agreement, Defendant continued to dangle a carrot fraught with fraudulent intent in front of the Plaintiffs to induce them to enter into the Agreement and pay the $15,000 Implementation Fee.

20.    As a result, Defendant was the only entity who benefitted from the concealment of pertinent facts.

21.    As a result of Defendant's fraudulent concealment, Plaintiffs have been damaged in an amount to be determined at trial.

22.    Defendant's acts were the legal, proximate cause of damages to Plaintiffs.

COMPLAINT FOR DAMAGES - 4

### THIRD CAUSE OF ACTION

### Fraud in the Inducement

23.     Plaintiffs incorporate by reference all of the proceeding paragraphs of this Complaint as though fully set forth herein.

24.     As alleged hereinabove, to induce Plaintiffs to enter into the Agreement, Defendant lied and misrepresented to Plaintiffs that Plaintiffs would recover over a million dollars owed to Plaintiffs by the government and insurance companies.

25.     At the time Defendant MDiQ made these false representations to Plaintiffs, Defendant knew them to be false and Defendant made these false representations solely to defraud Plaintiffs and lure them into entering into the Agreement.

26.     Plaintiffs reasonably relied upon Defendant's misrepresentations in agreeing to enter into the Agreement.  Indeed, Defendant took affirmative steps thereafter to continue the deceit by failing to inform Plaintiffs of the aftermath of the MDiQ breach of contract.

27.     Had Plaintiffs known that Defendant's representations were false and fraudulent, they would have never entered into the Agreement, paid the $15,000 Implementation Fee to Defendant MDiQ and relied on Defendant MDiQ to perform the Revenue Cycle Management service during the time frame required to collect over a million dollars due to Plaintiffs before the time ran out to do so.

28.     As a result of the Defendant's knowingly false and fraudulent misrepresentations and the Plaintiffs' reliance thereon, the Plaintiffs have suffered damages in an amount to be determined at trial.

29.     Defendant's acts were the legal, proximate cause of damage to Plaintiffs.

COMPLAINT FOR DAMAGES - 5

## FOURTH CAUSE OF ACTION

### Breach of Contract

30.     Plaintiffs incorporate by reference all of the proceeding paragraphs of this Complaint as though fully set forth herein.

31.     The Laboratory Billing Agreement ("Agreement") was a valid and binding agreement between Plaintiffs and Defendant.

32.     As alleged herein, Plaintiffs at all times performed their obligations under the Agreement while Defendant did not.

33.     The Agreement was entered into as a result of fraudulent representations and concealment of pertinent facts by Defendant.

34.     Defendant failed to deliver on the promises set forth in the Agreement and misrepresented Defendant MDiQ's ability to successfully perform the Revenue Cycle Management function.

35.     As a result of the Defendant's breach of the Agreement, Plaintiffs have suffered damages in an amount to be determined at trial.

36.     Defendant's acts were the legal, proximate cause of damage to Plaintiffs.

### FIFTH CAUSE OF ACTION

#### Unjust Enrichment

37.     Plaintiffs incorporate by reference all of the proceeding paragraphs of this Complaint as though fully set forth herein.

38.     By reason of Defendant's foregoing conduct, which was discovered by the Plaintiffs at the mediation on May 17, 2024, including but not limited to Defendant fraudulently inducing Plaintiffs to enter into the Laboratory Billing Agreement, and Defendant failing and/or refusing to honor its

COMPLAINT FOR DAMAGES - 6

legal and contractual obligations to Plaintiffs under the Agreement, Defendant has profited and enriched itself unjustly at the expense and to the detriment of Plaintiffs.

39.     Defendant should not be permitted, in equity and good conscience, to retain the $15,000 Implementation Fee that Plaintiffs paid in good faith.

40.     As a result of Defendant's breach of the Agreement, Plaintiffs have suffered damages in an amount to be determined at trial.

41.     Defendant's acts were the legal, proximate cause of damage to Plaintiffs.

## SIXTH CAUSE OF ACTION

### Injunction Against Further Acts of Defendant

42.     Plaintiffs incorporate by reference all of the proceeding paragraphs of this Complaint as though fully set forth herein.

43.     The Court has authority to enjoin an entity that has engaged in conduct which has caused and continues to cause damage to another party, from engaging in further such conduct.

44.     Defendant has in its possession, custody or control, a Final Judgment that was obtained wrongfully after settling the case at mediation, and has threatened to domesticate the judgment in California to wrongfully collect on the judgment.

45.     Defendant is fully aware that if it follows through with this threat, it will cause irrevocable damage and harm to Plaintiffs, and, as stated herein, that is its intent.

46.     Defendant has continually and repeatedly engaged in fraudulent or deceptive conduct that has already injured Plaintiffs.  To allow this Defendant to continue on this path of promised destruction would forever have a detrimental impact on the Plaintiffs.

47.     Unless enjoined, Defendant is likely to cause substantial loss of revenue, income and stock value from which Plaintiffs might not recover.

COMPLAINT FOR DAMAGES - 7

48.    Unless enjoined, Defendant is likely to continue in the within-referenced conduct that will substantially interfere with Plaintiffs' ability to conduct business.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray for the following relief:

1.    Award for compensatory, consequential, exemplary, and punitive damages to Plaintiffs in an amount to be determined at trial;

2.    Award of attorneys' fees and costs of suit to Plaintiffs;

3.    Injunctive relief enjoining Defendant from domesticating its wrongfully-obtained Final Judgment in California or otherwise attempting to collect on said Final Judgment until such time as this matter is litigated and adjudicated in a Court of law;

4.    Restitutionary disgorgement;

5.    Prejudgment interest;

6.    Any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues triable as a right by jury.

Dated: December 5, 2024

Respectfully submitted,

By: _____
ANDREW L. JONES, ESQ.
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES - 8