IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENEFIC RX DX, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-3170-N |
| | § | |
| ADMINISTEP LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Administep LLC's ("Administep") motion for summary judgment [9]. Because res judicata bars all claims in this suit, the court grants the motion.

### I. ORIGINS OF THE MOTION

This suit arises out of a contract dispute between the parties. The plaintiffs, Genefic RX DX and Dalrada Technology Group, Inc., (collectively "Genefic")[1], and defendant Administep had a contract for laboratory billing software services. Compl. ¶ 6 [1]. Under the agreement, Genefic was to pay a one-time implementation fee and monthly fees in exchange for the services provided by Administep. *Id.* ¶¶ 6–7; State Court Pet., Def.'s Appx. 033 [11].

---

[1] Genefic RX DX is a wholly owned subsidiary of Dalrada Technology Group, Inc. Both are Wyoming corporations.

MEMORANDUM OPINION & ORDER – PAGE 1

Administep previously brought suit against Genefic[2] in the 429th District Court of Collin County, Texas, alleging breach of contract and other claims arising out of the contract. *See* State Court Pet., Def.'s Appx. 032. The court issued a final judgment in that case, finding Genefic in default and determining that Administep had "proved its claims by a preponderance of the evidence." *Id.* at 039–40.

Genefic then brought this suit against Administep, alleging breach of contract, fraud, and unjust enrichment based on allegations of non-performance of the same contract. Compl. ¶¶ 9–48. Administep now moves for summary judgment on the basis of res judicata.

---

[2] The state court suit was brought against Dalrada Financial Corporation d/b/a Dalrada Life Sciences. *Id.* 032. In its motion for summary judgment, Administep initially included lack of standing as one of multiple theories for summary judgment because it did not recognize plaintiffs as parties to the contract or the state court lawsuit. Def.'s Mot. Br. at 2–3. At that time, Administep was unaware how Dalrada Financial Corporation and Dalrada Life Sciences, the defendants in the state court lawsuit, were related to Genefic RX DX and Dalrada Technology Group, Inc., the plaintiffs here *Id.* However, the record contains the certificates of company name changes that show Dalrada Life Sciences changed its name to Genefix RX DX, and Dalrada Financial Corporation changed its name to Dalrada Technology Group, Inc. *See* Def.'s Appx. 060–061.
   After discovering through the uncontested evidence presented in the response that the parties are the same parties to the previous suit, Administep withdrew its lack of standing argument. Def.'s Reply at 2.
   Confusingly, while asserting that they the same corporations for purposes of standing, Genefic argues in its response that Administep's "incorrect" claim that neither corporation was a party to the contract or the prior suit raises a genuine issue of material fact that precludes summary judgment. Pl.'s Resp. at 1; Pl.'s Resp. Br. at 2. The Court finds that the undisputed evidence, cited by both parties, that Genefic RX DX is Dalrada Life Sciences and Dalrada Technology Group, Inc., is Dalrada Financial Corporation, does not create any genuine dispute of material fact.

MEMORANDUM OPINION & ORDER – PAGE 2

## II. Legal Standard
### A. Summary Judgment

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, that party "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party

MEMORANDUM OPINION & ORDER – PAGE 3

"only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B. Res Judicata

The doctrine of res judicata ensures that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). When the prior judgment was rendered by a state court, federal courts must apply that state's res judicata standard to determine the effect of the state judgments. *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009).

Under Texas law, res judicata applies when (1) the parties to both actions are either identical or in privity; (2) a court of competent jurisdiction rendered a final judgment on the merits in the prior action; and (3) the second action is based on the same claims that were raised or could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). Texas applies the "transactional" test to determine whether claims were raised or could have been raised in the prior action. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798–99 (Tex. 1992) ("[A] judgment in an earlier suit precludes a second action . . . not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.") (internal quotations omitted).

MEMORANDUM OPINION & ORDER – PAGE 4

### III. RES JUDICATA BARS THIS ACTION

Res judicata bars the litigation of claims where a claim is raised in a subsequent suit (1) by the same parties; (2) after there has been a final judgment on the merits; (3) for a claim that was raised or could have been raised in the first action. *Citizens Ins.*, 217 S.W.3d at 449.

First, both parties to the action here are identical. While Genefic has changed names since the first suit, the companies that were the defendants in the prior action are the same companies that are now the plaintiff in the present action. *See* supra n.1; Def.'s Appx. 060–061.

Second, while the prior suit ended in a default judgment, a "default judgment is a judgment 'on the merits' for purposes of res judicata." *New York Party Shuttle, L.L.C. v. NLRB*, 18 F.4th 753, 765 (5th Cir. 2021) (citing *Jones v. U.S. ex rel. Farmers Home Admin.*, 1995 WL 29363, at *1 (5th Cir. 1995)); *see McMillan v. Tally Two Inv. Grp., LLC*, 2019 WL 3680130 at *6 (Tex. App. — Austin 2019, no pet.) ("[D]efault judgment can constitute a determination on the merits for res judicata purposes.")

Third, Genefic argues that res judicata does not bar the claims here because they "involve distinct legal theories and damages that were not adjudicated in the prior case." Pl.'s Resp. at 3. However, res judicata applies not only to claims that were actually litigated in the prior suit but also those claims that arise out of the same subject matter and could have been raised in the prior suit. *Getty Oil*, 845 S.W.2d at 798–99. Here, it is clear that the claims arise out of the same subject matter because Genefic alleges breach of the same contract in dispute in the prior case. Genefic and Administep were adverse parties in the

MEMORANDUM OPINION & ORDER – PAGE 5

previous suit, and "for res judicata purposes [each party] is required to assert all claims against the [adverse party] arising from the subject matter of the original . . . claim." *Id.* at 199. Therefore, Genefic was required to assert any claims arising out of the same contract and alleged breach, fraud, or unjust enrichment in that suit. Its failure to raise the claims in the prior suit does not defeat res judicata in this suit.

Genefic also asserts that the Court should find an exception to res judicata because it would be fundamentally unfair to apply it "[g]iven the differing claims and context." Pl.'s Rep. at 3. Because "differing claims" references the claims that Genefic was required to raise in the prior action and did not, the Court finds that this does not raise a basis for fundamental unfairness and declines to consider an exception.

The Court finds that res judicata bars this suit and accordingly dismisses it.

## CONCLUSION

Because res judicata bars Genefic's claims, the Court grants Administep's motion for summary judgment and dismisses this case with prejudice.

Signed May 21, 2025.

                                                       David C. Godbey
                                    Chief United States District Judge